# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHARRONE JOSEPH BROWN,

      Plaintiff,

      vs.                                  No. CIV 97-1578 JC/RLP

STATE OF NEW MEXICO, STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT, WARDEN DONALD
DORSEY, JAN THOMAS, Deputy Warden,
LEWIS WEBER, Associate Warden of Programs,
MICHAEL OLIVER, Major Chief of Security, ANTONIO
DIAZ, Captain-Shift Supervisor, STEVE RICHARDS and
RECREATIONAL OFFICER JACKSON, in their official
and individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss *(Doc. 23)*, filed September 11, 1998. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities.[1] The Court finds that Defendants' Motion to Dismiss is well taken in part and will be granted in part.

**I.**    **Factual Background**

For the purposes of this motion, the Court accepts all factual allegations of Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff's claims. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Sharrone Brown was an inmate of Southern

---

[1] Plaintiff attached a number of exhibits to Plaintiff's Response to Defendants' Motion to Dismiss *(Doc. 25)*. These exhibits were not relevant to deciding the Motion to Dismiss, and I did not consider these exhibits in arriving at my decision.

New Mexico Correctional Facility on December 12, 1995 when a group of Anglo and Hispanic inmates attacked a group of African-American inmates during a basketball game in the prison gymnasium. Brown was seriously injured in the attack. According to the Complaint, prison officials knew in advance that an attack would take place at the basketball game, but did not cancel the game, warn the inmates, provide inmates safe access out of the gymnasium, or otherwise protect the African-American inmates. The Complaint also alleges that after the attack was underway, Defendants did not protect Plaintiff and other African-American inmates.

## II.     Analysis

Defendants move to dismiss several of Plaintiff's claims on the grounds that the Complaint fails to state a claim on which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of [the] claim that would entitle [Plaintiff] to relief." *Riddle*, 83 F.3d at 1201.

Defendants' motion raises six issues:

1) whether the Eleventh Amendment bars Plaintiff's claims against the State of New Mexico, the State of New Mexico Corrections Department, and their employees in their official capacities;

2) whether Plaintiff may raise substantive due process claims in addition to Eighth Amendment claims under 42 U.S.C. § 1983;

3) whether the Duran Consent Decree provides rights upon which to base a Section 1983 claim;

4) whether the New Mexico Tort Claims Act waives governmental immunity for Plaintiff's negligence and *prima facie* tort claims;

5) whether punitive damages may be recovered against the State of New Mexico or its employees acting within the course and scope of their employment for state law claims; and

6) whether pre- or post-judgment interest may be recovered against the State of New Mexico or its employees acting within the course and scope of their employment on tort claims brought under the Tort Claims Act.

Each issue is analyzed separately below.

### A. Eleventh Amendment Immunity

The Eleventh Amendment prohibits suit in federal court against a state, a state department or agency, or a state official acting in an official capacity unless (1) the state has consented to suit, or (2) Congress has abrogated the state's Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The State of New Mexico, the Department of Corrections, and their officials and employees acting in their official capacity are entitled to Eleventh Amendment immunity unless one of these two exceptions applies. *See Bishop v. Doe*, 902 F.2d 809 (10th Cir. 1990).

Plaintiff claims that the New Mexico Tort Claims Act, N.M. STAT. ANN. § 41-4-1 to -29, waives the state's immunity from suit. Plaintiff's argument confuses the state's statutory immunity from suit under the Tort Claims Act with the state's Eleventh Amendment immunity from suit in federal court. "The fact that New Mexico judicially abolished general common-law sovereign immunity, and then, by statute, reinstated it in selected areas does not affect whether New Mexico enjoys Eleventh Amendment immunity from actions in federal court." *Mescalero Apache Tribe v. New Mexico* 131 F.3d 1379, 1384 (10th Cir. 1997). New Mexico has not consented to suit in federal court through its Tort Claims Act. *See Bishop*, 902 F.2d at 810 (citing N.M. STAT. ANN. § 41-4-18A).

Congress has not abrogated New Mexico's Eleventh Amendment immunity for the federal civil rights claims, either. Any congressional abrogation of a state's Eleventh Amendment immunity must be clearly expressed and unequivocal. *See Pennhurst*, 465 U.S. at 99. Claims for damages under 42 U.S.C. § 1983 against a state, state agency, or state employee brought in an official capacity do not abrogate a state's Eleventh Amendment immunity because a state is not a "person" subject to liability under that statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, all of Plaintiff's claims against the State of New Mexico and the State of New Mexico Corrections Department shall be dismissed. Further, all claims brought against the remaining defendants in their official capacities shall be dismissed because those claims are no different from claims against the state. *See id.* Claims brought against the remaining defendants in their individual capacities are still viable. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991).

B. **Substantive Due Process Claims**

Plaintiff alleges that Defendants have violated his rights under the Eighth and Fourteenth Amendments by failing to protect him from violence at the hands of the other inmates. It is unclear whether Plaintiff invokes the Fourteenth Amendment in order to make his Eighth Amendment rights applicable to the state or to raise separate substantive due process claims. Plaintiff's Response *(Doc. 25)* does not clarify this issue. Nonetheless, Defendants are correct that Plaintiff cannot claim additional substantive due process rights under the Fourteenth Amendment. *See Riddle*, 83 F.3d at 1202. This is not to say that inmates of penal institutions lose all substantive due process rights after conviction. However, Plaintiff's substantive due process rights are no greater than Plaintiff's Eighth Amendment rights. *See Graham v. Connor*, 490 U.S. 386, 395 & n.10 (1989). Plaintiff's

claims should be analyzed under the more specific provisions of the Eighth Amendment. *See Riddle*, 83 F.3d at 1202.

Plaintiff's Complaint also raises Fourteenth Amendment equal protection claims. Defendants' motion does not address these claims. Therefore, these claims remain.

### C. Civil Rights Claims Based on Duran Consent Decree

Brown seeks to bring a private cause of action for damages under 42 U.S.C. § 1983 based on alleged violation of the Duran Consent Decree. *See* Complaint ¶ 111. Section 1983 claims must be based on rights "secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Consent decrees "do not create or enlarge constitutional rights, or create 'rights . . . secured by the law . . . sufficient to serve as a basis for liability under § 1983.'" *Klein v. Zavaras*, 80 F.3d 432, 435 (1996) (quoting *Green v. McKaskle*, 788 F.2d 1116, 1122-23 (5th Cir. 1986)). Therefore, Plaintiff must look to other constitutional or statutory provisions as the source of the rights that he seeks to assert in his § 1983 claims.[2]

### D. Plaintiff's Negligence and *Prima Facie* Tort Claims under the New Mexico Tort Claims Act

The New Mexico Tort Claims Act declares that governmental entities and their employees acting within the scope of their duties shall be immune from tort liability, unless the immunity has been specifically waived by one of the exceptions in the Act. *See* N.M. STAT. ANN. § 41-4-4. The only waivers that might apply to Brown's claims are the exceptions for negligent operation and

---

[2] I also note that the Complaint does not adequately state a claim on this point because Plaintiff does not identify any rights that the Duran Consent Decree confers on inmates at Southern New Mexico Correctional Facility that could be the basis of liability.

maintenance of a building (N.M. STAT. ANN. § 41-4-6) and intentional torts caused by law enforcement officers (N.M. STAT. ANN. § 41-4-12).

Both Counts II and IV of the Complaint allege negligence under state law. Defendants request that Count IV be dismissed on the grounds that governmental immunity has not been waived by § 41-4-12. I agree with Defendants that § 41-4-12 does not waive immunity for negligence by corrections officers for two reasons: corrections officers are not law enforcement officers, *see Callaway v. New Mexico Dep't of Corrections*, 117 N.M. 637, 641, 875 P.2d 393, 397 (Ct. App. 1994), and negligence is not one of the enumerated torts for which § 41-4-12 waives immunity, *see Blea v. City of Española*, 117 N.M. 217, 219, 870 P.2d 755, 757 (Ct. App.), *cert. denied*, 117 N.M. 328, 871 P.2d 984 (1994).

However, Plaintiff may still assert these claims because the waiver of immunity for negligent operation and maintenance of a building applies in this case. *See* N.M. STAT. ANN. § 41-4-6. New Mexico courts have interpreted the waiver of immunity in this latter section to be quite broad. *See Callaway*, 117 N.M. at 643, 875 P.2d at 399 (immunity waived under § 41-4-6 for dangerous condition created by negligence of correction officials in allowing gang members with known propensity for violence to roam loose in recreation area where they had access to potential weapons). Therefore, I shall deny Defendants' motion to dismiss the negligence claim asserted in Count IV.[3]

---

[3] I agree with Defendants that the negligence claim asserted in Count IV appears to be redundant because Plaintiff states a virtually identical claim in Count II. However, there are some slight differences. Plaintiff may maintain a cause of action for negligence under the facts as alleged in either count of the Complaint. Plaintiff must establish facts to fall within the waiver of immunity in § 41-4-6 in any event.

Section 41-4-6 does not waive immunity for *prima facie* tort liability, however. *See Kampa v. City of Albuquerque*, No. CIV-96-1572 LFG/DJS, slip op. at 3 (D.N.M. Feb. 20, 1997). Any claims for *prima facie* tort liability shall be dismissed.

### E. Punitive Damages

Defendants' motion requests that any claims for punitive damages brought against the Defendants either in their official capacity or under the New Mexico Tort Claims Act be dismissed. Because I shall dismiss all counts brought against Defendants in their official capacity due to Eleventh Amendment immunity, I need not address whether 42 U.S.C. § 1983 permits punitive damages to be awarded against state officials in their official capacities.

I agree with Defendants that punitive damages cannot be awarded against state employees under the New Mexico Tort Claims Act. The Tort Claims Act expressly excludes punitive damage awards. *See* N.M. STAT. ANN. § 41-4-19(B). However, punitive damages may still be available for the federal civil rights claims brought against Defendants in their individual capacities.

### F. Pre-Judgment or Post-Judgment Interest

The State of New Mexico and its employees acting within the scope and course of employment are exempt from pre-judgment interest on all tort claims brought under the New Mexico Tort Claims Act. *See* N.M. STAT. ANN. § 41-4-19(B). Further, the State must pay any judgment entered against an employee acting in the scope and course of employment. *See* N.M. STAT. ANN. § 41-4-4(D). New Mexico also exempts the state from liability for post-judgment interest on state law claims. *See* N.M. STAT. ANN. § 56-8-4(D). Taken together, these statutes exempt the state and its employees from all pre-judgment and post-judgment interest on claims brought under the Tort Claims Act. *See Yardman v. San Juan Downs*, 120 N.M. 751, 762, 906 P.2d 742, 752

(Ct. App. 1995) (post-judgment interest); *Montney v. State ex rel. State Hwy. Dep't*. 108 N.M. 326, 331, 772 P.2d 360, 365 (Ct. App. 1989) (pre-judgment interest). Therefore, I shall grant Defendants' motion to dismiss Plaintiff's claims for pre-judgment and post-judgment interest on the state tort claims.

Plaintiff requests that I consider removing or remanding this action to state district court if I dismiss any of the counts or parties. Federal rules of civil procedure do not allow either action under the circumstances of this case.

### III. Conclusion

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss *(Doc. 23)* is **granted in part.** All claims are dismissed against Defendants State of New Mexico and State of New Mexico Corrections Department. All claims against the remaining Defendants in their official capacities are dismissed. All claims alleging violation of Plaintiff's substantive due process rights under the Fourteenth Amendment are dismissed. All § 1983 claims based on rights allegedly conferred by the Duran Consent Decree are dismissed. All state claims based on *prima facie* tort liability are dismissed.

IT IS FURTHER ORDERED that all claims for punitive damages, pre-judgment interest, and post-judgment interest based on causes of action brought under the New Mexico Tort Claims Act are dismissed.

IT IS FINALLY ORDERED that Defendants State of New Mexico and State of New Mexico Corrections Department are dismissed from this action.

DATED this 14th day of December, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff:        Melchior F. R. Savarese III
                                          Albuquerque, New Mexico

Counsel for Defendants:     Robert W. Becker
                                          Stephen G. French
                                          Albuquerque, New Mexico